IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL PRENDERGAST,

      Plaintiff,

vs.

FUNDAMENTAL LONG TERM CARE
HOLDINGS, LLC, d/b/a GTCR FUND VI
LP, et al.,

      Defendants.

Case No. CIV 07-1256 CEG/LFG

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f), a telephonic meeting was held on **June 11, 2008** at **10:00 a.m. MST/9:00 a.m. PST** and was attended by:

Whitney Warner and Julie K. Fritsch for Plaintiff.

Wade R. Swanson for Defendants.

### NATURE OF THE CASE

This case arises out of Plaintiff's employment with and termination from his employment at a Nursing Home Facility owned by Defendant Valle Norte. Plaintiff has alleged claims for violation of the Fair Labor Standards Act (FLSA), retaliatory discharge, and for intentional tort injuries pursuant to *Delgado v. Phelps Dodge Chino, Inc.*, 2001 NMSC 34, 131 N.M. 272 (2001).

### AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file: Upon information and belief, the correct parties are named at this time. However, Plaintiff will seek to amend the complaint as to the parties

1

named in this case if discovery reveals that additional entities are part of the relevant corporate structure and/or played a role in the harm to Plaintiff.

Plaintiff should be allowed until to amend the pleadings and until to join additional parties:   Such time as determined by the Court.

At this time Defendants do not anticipate needing to amend their pleadings, nor do they believe any additional parties need to be joined.

Defendants should be allowed until to amend the pleadings and until to join additional parties: Such time as determined by the Court.

## STIPULATIONS

The parties hereto stipulate and agree that venue is proper in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts:

1. Plaintiff is a resident of Bernalillo County, New Mexico.

2. Fundamental Long Term Care Holdings, LLC is incorporated in the State of Delaware with its principal place of business in a State other than New Mexico.

3. Fundamental Long Term Care Interim Management, LLC is incorporated in the State of Delaware with its principal place of business in a State other than New Mexico.

4. THI Holdings, LLC is incorporated in the State of Delaware with its principal place of business in a State other than New Mexico.

5. THI of Baltimore, Inc. is incorporated in the State of Delaware with its principal place of business in a State other than New Mexico.

6. THI of New Mexico, LLC is incorporated in the State of Delaware with its principal place of business in the State of New Mexico.

7. THI of New Mexico at Valle Norte, LLC ("Valle Norte") is incorporated in the State of Delaware with its principal place of business in the State of New Mexico.

8. Defendant Valle Norte is an "employer" within the meaning of the FLSA.

9. Plaintiff began his employment at Valle Norte on or about August 30, 2006.

10. Plaintiff's employment at Valle Norte ended on or about May 24, 2007.

11. Dona Felton was Plaintiff's supervisor at Valle Norte from approximately October 10, 2006 until approximately May 10, 2007.

12. Plaintiff's compensation was increased from $17.00 per hour to $21.00 per hour on or about November 13, 2006.

The parties further stipulate and agree that the law governing this case is: **the Fair Labor Standards Act, 29 U.S.C. § 209, *et seq*. and New Mexico common law**.

### PLAINTIFF'S CONTENTIONS

Plaintiff contends that while employed at Valle Norte, he was not paid for all hours worked, including overtime. Plaintiff contends that he was fired in retaliation for reporting building code violations, urged the employer to bring the facility up to minimal standards of habitability for infirm residents, and disclosed conditions that were hazardous to the health and safety of the infirm residents and employees. Plaintiff contends that he was injured when Defendants intentionally, willfully and with reckless disregard subjected Plaintiff to hazardous conditions without providing proper protective equipment, which Defendants knew he was unqualified and untrained to handle. Plaintiff

subsequently became ill due to exposure to these hazardous conditions. Plaintiff continues to suffer from this illness.

## DEFENDANTS' CONTENTIONS

Valle Norte contends that Plaintiff was fully compensated for all of his hours worked and, if Plaintiff ever worked off the clock, then he did so either in violation of Valle Norte policy or as a result of his own failure to properly record his time.

Plaintiff's employment was terminated only after he had already submitted his resignation, but then failed to show up for work as scheduled.

Valle Norte disputes that Plaintiff was injured while working at Valle Norte and, even if Plaintiff was, it certainly was not the result of any intentional or reckless conduct on anyone's part other than, perhaps, Plaintiff's own.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:

### Plaintiff's Potential Fact Witnesses

1. Michael Prendergast
   c/o Moody & Warner, PC
   4169 Montgomery Blvd. NE
   Albuquerque, NM 87109

2. Dona Felton

3. Lanny Dosher

4. Jaime Andujo

5. Frances Darrah

6. Physician(s) of Michael Prendergast

7. Any witnesses listed by the Defendants

8. Any witnesses needed for rebuttal

9.  Any witnesses identified during the course of discovery

**Plaintiff's Potential Expert Witnesses**

1.  Expert on exposure to hazardous materials

2.  Expert on safety equipment used by Michael Prendergast

**Plaintiffs' Potential Exhibits**

1.  Affidavit of Dona Felton

2.  Pay stubs to Michael Prendergast from TransHealth (aka THI Holdings, LLC).

3.  Employee Performance Appraisal for Michael Prendergast, dated October, 2006.

4.  Minutes of Resident Council Meeting, March, 2007.

5.  Federal listing of health/safety and fire violations for Valle Norte Care Center as of September 2007.

6.  Federal listing of health/safety and fire violations for other nursing facilities owned by Fundamental Long Term Care Holdings, LLC.

7.  New Mexico Licensure Application for Valle Norte Care Center.

8.  Any exhibits listed by Defendants.

9.  Any exhibits needed for rebuttal.

10. Any exhibits identified during the course of discovery.

**Defendants' Potential Fact Witnesses**

1.  Lanny Dosher
    Construction Manager
    c/o Littler Mendelson
    2425 East Camelback Road, Suite 900
    Phoenix, AZ 85016

    Mr. Dosher likely will testify regarding his communications with and about Plaintiff, Plaintiff's job duties, Plaintiff's performance, and allegations contained in Plaintiff's complaint.

5

2.     Jaime Andujo
   Regional Director of Operations
   c/o Littler Mendelson
   2425 East Camelback Road, Suite 900
   Phoenix, AZ 85016

   Mr. Andujo likely will testify regarding his communications with and about Plaintiff, Plaintiff's job duties, Plaintiff's performance, and allegations contained in Plaintiff's complaint.

3.     Dona Felton
   President, Valle Norte
   c/o Littler Mendelson
   2425 East Camelback Road, Suite 900
   Phoenix, AZ 85016

   Ms. Felton likely will testify regarding her supervision of Plaintiff, her communications with and about Plaintiff, Plaintiff's job duties, Plaintiff's performance, and allegations contained in Plaintiff's complaint.

4.     Michael Prendergast
   c/o Moody & Warner, PC
   4169 Montgomery Blvd. NE
   Albuquerque, NM 87109

   Plaintiff will testify regarding the allegations contained in his complaint, and his alleged damages.

5. Plaintiff's treating physicians, currently unidentified, who are expected to testify regarding their care of Plaintiff.

6. All of the witnesses listed by the Plaintiff, whose testimony is currently unknown, may be deposed and/or called for trial

7. As-yet-unidentified witnesses identified during discovery, testimony currently unknown

8. As-yet-undetermined impeachment witnesses, testimony currently unknown

**Defendants' Potential Expert Witnesses**

Defendants intend to present the testimony of the following currently unidentified

6

experts:

1. Vocational expert to testify about Plaintiff's failure to properly mitigate his damages

2. A physician who will perform an independent medical examination of Plaintiff

3. An electronic discovery expert who will testify about the information (or lack thereof) found on Plaintiff's personal computer, web browser history, and personal email account(s)

**Defendants' Potential Exhibits**

At this time Defendants are unable to determine which documents, if any, will be trial exhibits.

**Discovery will be needed on the following subjects:**

1. All of the allegations and claims contained in Plaintiff's complaint;

2. All of the legal and factual defenses asserted in Defendants' Answers;

Maximum of **25 interrogatories** by each party to any other party, not including interrogatories proffered for purposes of establishing Defendants' corporate structure(s). Responses due **30 days after service**.

Maximum of **25 requests for admission** by each party to any other party, not including interrogatories proffered for purposes of establishing Defendants' corporate structure(s). Responses due **30 days after service**.

Maximum of **10 depositions by Plaintiffs** and **10 depositions by Defendants**, not including depositions taken pursuant to Fed. R. Civ. P. 30(b)(6) for purposes of establishing Defendants' corporate structure(s).

Each deposition limited to a maximum of **four (4) hours** unless extended by agreement of the parties or Court order, except that party depositions are limited to a

maximum of **seven (7)** hours unless extended by agreement of the parties or Court order.

Reports from retained experts under Rule 26(a)(2) due:

from Plaintiffs by:   **October 1, 2008.**

from Defendant(s) by:   **November 3, 2008.**

Supplementation under Rule 26(e) due: **at such time as determined by the Court.**

All discovery commenced in time to be completed by **January 3, 2009.**

### PRETRIAL MOTIONS

Plaintiff intends to file:   None at this time

Defendants intend to file:   A fully-dispositive motion for summary judgment.

### ESTIMATED TRIAL TIME

The parties estimate the trial will require **5-6 days**.

_____    This is a non-jury case.

\_\_X\_\_    This is a jury case.

The parties request a pretrial conference in **April 2009.**

### SETTLEMENT

The possibility of settlement in this case cannot be evaluated prior to the completion of at least some discovery. The parties request a settlement conference after the close of all discovery.

8

MOODY & WARNER, PC


*Approved by W. Warner 6.26.08*
Whitney Warner
Julie K. Fritsch
4169 Montgomery Blvd. NE
Albuquerque, NM 87109
(505) 944-0033
*Attorneys for Plaintiff*



LITTLER MENDELSON, P.C.


*Electronically approved by W. Swanson 6.26.08*
R. Shawn Oller
Wade R. Swanson
2425 East Camelback Rd, Suite 900
Phoenix, AZ 85016
(602) 474-3608
*Attorneys for Defendants*


Firmwide:85680020.1 052893.1008

9