**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MICHAEL PRENDERGAST,

      Plaintiff,

v.                                                                     No. CIV 07-1265 CEG/LFG

FUNDAMENTAL LONG TERM
CARE HOLDINGS, LLC, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendants' Motion to Stay Discovery Order [Doc. 119], filed February 6, 2009.  This motion may be resolved without a response.

Defendants move this Court to stay the Order Granting in Part and Denying in Part Defendants' Motion for a Protective Order [Doc. 116] until the presiding court rules on their Objections to that Order, filed February 6, 2009 [Doc. 118].  Essentially, Defendants ask that they not be required to produce evidence of their present net worth as ordered by the Magistrate Judge in his January 30, 2009 Order [Doc. 116] until the presiding court considers their objections.

This Court already determined that evidence of present net worth was relevant and discoverable with respect to Plaintiff's claim for punitive damages.  [Doc. 116].  Notwithstanding the Court's Order, Defendants refused to produce the information, and on February 5, 2009, the Court was requested to conduct an emergency follow-up telephonic conference with counsel regarding this issue.  During the hearing, the Court advised counsel that its ruling remained in effect

and that it was not inclined to issue a stay of the discovery even if Defendants filed objections to the Court's ruling.[1] [Doc. 117, p. 2, Clerk's Minutes.]  Thus, Defendants again were directed to produce to Plaintiff the current net worth information.

The Court denies Defendant's request to stay this discovery pending a ruling on Defendants' objections.  Rule 72(a) is silent as to whether a party's duty to comply with a magistrate judge's order is automatically stayed pending a decision by the presiding judge.  *See* Fed. R. Civ. P. 72(a). Defendants did not direct this Court to any controlling authority holding that a discovery order of a magistrate judge is subject to an automatic stay pending the determination of an objection to that order.  Esparza v. Bridgestone/Firestone, Inc., 200 F.R.D. 654, 656 (D. Colo. 2001).

In contrast, courts that have considered this issue have held that the filing of objections does not result in an automatic stay of a magistrate judge's order.  Williams v. Texaco, Inc., 165 B.R. 662, 673 (D.N.M. 1994).  At least one federal district court has opined:  "[A]llowing the automatic stay of a [magistrate judge's order] would not only encourage the filing of frivolous [objections], but would grind the [magistrate judge] system to a halt."  Esparza, 200 F.R.D. at 656 (internal citation omitted).  A New Mexico District Court further reasoned that discovery matters were delegated to the magistrate judges to promote judicial efficiency and speedy resolution of pre-trial disputes.  "Ill-considered 'strategic' objections to a magistrate judge's orders threatens [sic] to undermine these goals . . . ."  Id. at 656-57 (*quoting* National Excess Ins. Co. v. Civerolo, Hansen & Wolf, P.A., 139 F.R.D. 401, 404 (D.N.M. 1991)).  *See also* Mares v. County of Mora, No. CIV 94-940 (dkt. 109) (D.N.M. July 27, 1995) (court disfavors any assumption by litigants that a magistrate order is

---

[1]During the February 5 telephonic conference, the Court asked counsel if they would be filing any objections to the Court's ruling, and counsel for both parties stated that they would not.  Inexplicably, the next day, Defendants filed objections and a motion to stay, notwithstanding the Court's express rulings and Defendants' assertions they would not be filing objections.

automatically stayed by the filing of objections); White v. Burt Enterprises, 200 F.R.D. 641, 642 (D.

Colo. 2000) ("If an objections operates as a stay of the order, not only is the losing litigant given an

artificial incentive to object, but the magistrate's decision-making ability is eroded.")

For the above-stated reasons, the Court denies Defendants' request for a stay and directs

Defendants to produce the current net worth information in accordance with its earlier Order.

IT IS THEREFORE ORDERED that:

(1) Defendants' Motion for Stay [Doc. 119] is DENIED; and

(2) Defendants shall produce the required current net worth information to Plaintiff by no

later than the close of business on Thursday, February 12, 2009.

_____

Lorenzo F. Garcia
Chief United States Magistrate Judge