**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MICHAEL PRENDERGAST,

       Plaintiff,

vs.                                                                 CIV 07-1265 CG/LFG

FUNDAMENTAL LONG TERM
CARE HOLDINGS, LLC, et al.,

       Defendants.

## ORDER AFFIRMING DISCOVERY ORDER

This matter comes before the Court upon "Plaintiff's Motion Regarding Court's 1/7/2009 Ruling Regarding Deposition of Scott Hillegass." See docket no. 100.  The objections to United States Magistrate Judge Lorenzo F. Garcia's discovery order, filed January 20, 2009, are brought pursuant to Federal Rule of Civil Procedure 72(a).  Id. at 1.  On February 9, 2009, Defendants filed their "Opposition to Plaintiff's Motion Regarding Court's 1/7/2009 Ruling Regarding Deposition of Scott Hillegass.  See docket no. 121.

A Magistrate Judge's discovery order is reviewed under the terms of 28 U.S.C. §636 and Fed. R. Civ. P. 72(a).  Rule 72 mandates that a Magistrate Judge's order will neither be modified nor set aside in any way unless it is found to be clearly erroneous and contrary to law.  See also Ocelot Oil Corp. v. Sparrow Industries, 847 F.2d 1458, 1461-62 (10th Cir. 1988); Comeau v. Rupp, 142 F.R.D. 683, 684 (D. Kan. 1992).  This "clearly erroneous" standard allows the Magistrate Judge a free hand in managing discovery issues.  Under this standard, the reviewing court must affirm the decision of a Magistrate Judge unless the reviewing court is left with a definite and firm conviction that a mistake was made, in other words, that the Magistrate's ruling

1

is clearly "in error."  Possible error is not sufficient, nor will a mere difference of opinion

suffice.  Ocelot Oil Corp., 847 F.2d at 1464.  Rather, because of the broad discretion afforded a

Magistrate Judge in the resolution of non-dispositive discovery disputes, the Magistrate Judge

will be overruled only if the court concludes that the judge's discretion was abused.  Comeau,

762 F. Supp. 1434, 1450 (D. Kan. 1991).

 The limited review under Rule 72 is intentional.  Management of discovery and

resolution of discovery disputes comes within a magistrate judge's scope of authority.  See 28

U.S.C. § 636.  Neither Congress nor the rule framers sought to encourage de novo review of

discovery rulings.  Thus, appellate review under the clearly erroneous standard means that the

Magistrate Judge's ruling must stand, unless there is clear error or a clear abuse of discretion.

 Here, Plaintiff argues that the Magistrate Judge erred in a January 7, 2009 ruling "in

which it was determined that Plaintiff would not be granted additional time to depose

Fundamental Clinical Consulting Vice President Scott Hillegass," who is not a party to this case.

See docket no. 100 at 1.  Plaintiff contends he was unable to "ascertain with any certainty the

significance of . . . Scott Hillegass prior to mid-December [of 2008]."  Docket no. 100 at 2.  In

making his ruling, the Magistrate Judge found that a January 16, 2009 discovery deadline was

applicable to the proposed deposition of Mr. Hillegass and that no extension would be allowed to

take his deposition.  See docket no. 86 at 2.  During the same January 7, 2009 hearing, Judge

Garcia allowed Plaintiff an additional twenty days after the January 16 deadline to conduct five

Rule 30(b)(6) depositions of corporate entities.  Id.  The undersigned cannot find the Magistrate

Judge's ruling regarding the proposed deposition of non-party Mr. Hillegass was "clearly

erroneous and contrary to law."  To the contrary, the ruling upholding a discovery deadline in

this case – a case originally filed in December 2007 – was well within the Magistrate Judge's discretion.

**WHEREFORE**

**IT IS HEREBY ORDERED** that "Plaintiff's Motion Regarding Court's 1/7/2009 Ruling Regarding Deposition of Scott Hillegass" (docket no. 100) is overruled and Magistrate Judge Garcia's January 7, 2009 Order is affirmed in all respects.

**SO ORDERED** on this 23rd day of March, 2009.

_____
UNITED STATES MAGISTRATE JUDGE