IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL PRENDERGAST,

        Plaintiff,

vs.                                                CIVIL NO.  07-1265 CEG/LFG

FUNDAMENTAL LONG TERM
CARE HOLDINGS, LLC, THI OF
BALTIMORE, INC., THI OF NEW
MEXICO, LLC, THI OF NEW MEXICO
AT VALLEY NORTE, LLC, FUNDAMENTAL
ADMINISTRATIVE SERVICES, LLC, and
FUNDAMENTAL CLINICAL CONSULTING,
LLC,

        Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' ANSWERS TO FIRST DISCOVERY REQUESTS

THIS MATTER is before the Court on Plaintiff Michael Prendergast's ("Prendergast") Motion to Compel Defendants' Answers to His First Discovery Requests [Doc. 131]. The Court considered the motion, Defendants' response [Doc. 136] and Plaintiff's reply [Doc. 142]. Oral argument is not necessary.

The first area of dispute concerns whether Defendants complied with the Court's directive to provide evidence of net worth. In its earlier ruling, the Court determined that evidence of current net worth was relevant to Prendergast's punitive damage claim. [Doc. 116]. However, other financial information or evidence of net worth from prior years was not relevant. McCloud v. Bd. of Geary County Comm'rs, 2008 WL 1743444 at *4 (D. Kan. April 1, 2008). The directive was appealed to the trial judge, and the trial judge subsequently overruled Defendants' objections and ordered production of evidence of net worth by the end of business on February 12, 2009. In

response to the Court's directive, Defendants produced a letter, executed by counsel, which sets forth Defendant entities' net worth. That letter, however, is signed by counsel and not by Defendants.

Prendergast challenges the letter as not being in compliance with the Court's directive. The Court agrees in part and disagrees in part. A statement of current net worth is all that was required by the Court's Orders issued January 30, 2008 [Doc. 116] and February 10, 2009 [Doc. 122]. However, the Court was unable to locate any case that states a letter from counsel is sufficient evidence of current net worth.

While Defendants may have assumed that counsel's statement was sufficient, the Court disagrees. Defendants must produce the most recent annual report, current financial statement or current balance sheet. *See* McCloud at *4 (noting that most recent annual reports and current financial statements of the party are sufficient for determining claim of punitive damages). Moreover, the document must be signed by Defendants, not by counsel, demonstrating that the document is a true and accurate statement.

The second area of dispute concerns Interrogatory No. 4 and Prendergast's contention that Defendants failed to disclose the number of employees at each facility, and the names of all entities with an ownership interest in each facility, including percentage of ownership. In response to Prendergast's request, Defendants provided a web address, which contains information concerning the identity of each skilled nursing facility covered by the request, including address, phone number, fax number and numbers of beds at each facility.

In reply, Prendergast acknowledges that website information was provided, but states that it is still insufficient in that neither the percentage of interest was disclosed nor the number of employees at each facility.

In resolving discovery disputes, the Court must balance one party's right of discovery with the opposing party's right to be free of intrusive and burdensome discovery. The Court must consider the requester's need for the information from a particular source, the relevance of the requested information to the litigation, the burden of producing the sought-after material, and the harm or difficulty which would be caused to a party seeking to protect information. A court may deny a request altogether, limit the conditions, time, place or topics of discovery, or limit the manner in which the material will be disclosed. Koch v. Koch Indus., Inc., 203 F.3d 1202, 1238 (10th Cir. 2000); Burka v. U.S. Dep't of HHS, 87 F.3d 508, 517 (D.C. Cir. 1996).

In this case, the Court allowed extensive discovery so that Prendergast could pursue his joint employer theory. Prendergast already received information concerning Defendants' affiliations and was authorized to obtain discovery relating to the factors touching on joint employment. (*See*, Doc. 116, p. 3). Prendergast offers no explanation why he needs to know the number of employees at each of Defendants' affiliates, or what percentage of ownership each affiliate may have in one another.

The Court determines that the additional requested information, i.e., the number of employees at each facility and the names of all entities with an ownership interest in each facility, including the percentage of ownership, is not particularly relevant. To the extent the information is relevant at all, the cost and burden on Defendants in securing and providing the information substantially outweigh any relevancy. The information provided is sufficient to demonstrate Defendants' affiliated facilities. Thus, the Court does not require a further response to Interrogatory No. 4.

Prendergast also expresses concern that Defendants did not identify all of the persons who contributed to Defendants' discovery responses. Defendants indicate that they explained to

3

Prendergast that Karen Miller, the Vice President of Human Resources, was a person who participated in and was responsible for gathering information included in responses to the interrogatories. It was Karen Miller who verified the discovery responses. During the course of her deposition, she identified FAS's in-house counsel as having gathered information and conferred with her. The Court determines that the responses are sufficient and that no further response to the interrogatory is required.

Prendergast next objects to Defendants' refusal to produce further documents in response to Request for Production No. 7. In that Request, Prendergast sought all documents or recordings reflecting interviews of any person regarding the allegations in the Complaint or Answer in this case. Defendants responded with objections and provided a privilege log on November 26, 2008. Their response indicates, "That privilege log indicated that the only documents in the possession of Valle Norte which reflected interviews regarding this lawsuit were notes taken by in-house counsel during interviews in January 2008." (Response, Doc. 136, p. 9). The privilege log indicated the date of the notes, the author, attorney Brigitte Miller, that they were notes to the file, and consisted of in-house counsel's witness interview notes. The log also identified the privileges at issue, attorney-client communication, and work product doctrine.

The Court determines that the privilege log was adequate, and that the documents identified in the privilege log, that is, notes of interviews, are the kinds of materials deemed privileged under the attorney-client privilege. The Court does not require any further production and overrules Prendergast's claim that the log was inadequate.

To the extent the Court required Defendants to supplement information on current net worth, it should be provided in ten working days from date of this Order.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge