IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL PRENDERGAST,

        Plaintiff,

vs.                                      CIVIL NO.  07-1265 CEG/LFG

FUNDAMENTAL LONG TERM
CARE HOLDINGS, LLC, THI OF
BALTIMORE, INC., THI OF NEW
MEXICO, LLC, THI OF NEW MEXICO
AT VALLEY NORTE, LLC, FUNDAMENTAL
ADMINISTRATIVE SERVICES, LLC, and
FUNDAMENTAL CLINICAL CONSULTING,
LLC,

        Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL ANSWERS TO SECOND INTERROGATORIES AND REQUESTS

THIS MATTER is before the Court on Plaintiff Michael Prendergast's ("Prendergast") Motion to Compel Answers to His Second Interrogatories and Requests for Production [Doc. 133]. The Court considered the motion, response and reply and determines that oral argument is not necessary. Subsequent to filing the motion, the parties were able to resolve the majority of matters in dispute. There remain very few issues requiring the Court's ruling.

Prendergast argues that counsel supplemented answers to interrogatories by way of letter. While the responses are appropriate, it is defense counsel, rather than his client, who signed the responses. Prendergast requests that the client verify the accuracy of the interrogatories. The request deals with responses to Interrogatories identified as Nos. 35-43, 29-31, and 33-38. Prendergast's request is not only reasonable, it is in accord with the rules governing responses to interrogatories. Fed. R. Civ. P 33(b)(1)(B), 33(b)(3) and 33(b)(5).

Accordingly, the Court will require that, within ten days, Defendants, rather than counsel, verify the accuracy of the aforementioned responses to interrogatories.

Interrogatory Nos. 24 and 30 are related. In these Interrogatories, Prendergast sought information as to persons employed by or working at Valle Norte who were subsequently offered positions at other facilities associated with the Fundamental companies. Defendants responded on February 19, 2009, and stated that they were unable to identify any former Valle Norte employee "who was recruited from Valle Norte" or who "transferred" from Valle Norte to an associated facility.

Prendergast attempts to draw a distinction between being recruited and being offered a position. The Court believes it is a distinction without a difference. Moreover, Prendergast argues that he wants information about individuals who may have been offered a position, even though they didn't "transfer." If they were offered a position, then they were recruited by Defendants. If they accepted a position, they would have transferred. The Court determines that Defendants have adequately answered Interrogatories 24 and 30, and no further response is necessary, save for the requirement indicated above that Defendants, rather than counsel, verify the accuracy of the response.

The next remaining dispute concerns Interrogatory No. 28, in which Prendergast requested that Valle Norte "list each and every employee working at Valle Norte Caring Center (whether or not employed directly by Valle Norte) whose employment was terminated between January 1, 2005 and September 30, 2008. Your answer should include job title(s), length of employment, date of termination, and reason(s) for termination for each individual listed." After asserting objections concerning the breadth of the interrogatory and the burdensome nature of responding to it, including the fact that it invaded the privacy rights of non-party employees and former employees, Valle Norte

answered that all its Valle Norte employees were terminated when the facility closed in August 2008. Defendants subsequently supplemented their response by stating that they were unaware of any other Valle Norte employee who was terminated by Prendergast's supervisor, Jaime Andujo.

Prendergast argues that he is entitled to the broad scope of discovery he sought to determine how similarly situated employees have been treated pursuant to a company-wide policy. He further asserts that the fact that Jaime Andujo signed the termination form does not limit Prendergast's right to obtain termination decisions by other decision makers. Additionally, Prendergast contends that since all facilities covered by the interrogatory are subject to the same personnel policies, Prendergast should have access to information from all associated facilities to determine if other similarly situated employees were terminated for poor performance or if this was pretext for retaliation.

As the Court is responsible for striking an appropriate balance between a party's right of discovery with the opposing party's right to be free from intrusive and burdensome discovery, the Court looks at the following factors in the balancing process: (1) a requester's need for the information from this particular source; (2) the relevance of the requested information to the litigation; (3) the burden of producing the sought-after material; and (4) the harm or difficulty which would be caused to a party seeking to protect the information. A court is authorized to deny the request altogether, limit the conditions, time, place or topics of discovery, or limit the manner in which the material would be disclosed. Koch v. Koch Indus., Inc., 203 F.3d 1202, 1238 (10th Cir. 2000); Burka v. U.S. Dep't of HHS, 87 F.3d 508, 517 (D.C. Cir. 1996).

Prendergast's request is overly broad. Seeking information for a period of years on each and every individual terminated by Defendants or their affiliates (and not only by Andujo) is an exceedingly broad request.

Prendergast argues that this information is relevant to show that Defendants' stated reasons for separation from employment are pretextual. Yet, Prendergast does not seek to limit his request to the Valle Norte facility. Rather, he seeks affiliate-wide information. This is too much. It is apparent that the burden of collecting and producing all information concerning every employee terminated for the years designated by Prendergast and in the facilities mentioned would be a time-consuming and costly process.

The Court must consider the harm or difficulty caused by producing the information. Apart from the time and expense Defendants would incur, the information sought is also invasive of rights of non-parties. That is, individuals who may have been terminated in any of these facilities, and who are not parties to this litigation, have some right to protect the integrity of their own personnel files.

The Court concludes that, on balance, the minimal benefit that may be accrued to Prendergast is outweighed by the substantial expense, delay and privacy issues affecting Defendants and non-parties. Thus, the Court denies Prendergast's request. <u>Koch v. Koch, Indus., Inc.</u>; <u>Burka v. U.S. Dep't of HHS</u>.

Finally, Prendergast claims that Defendants violated their obligations under Rule 26(g)(1) and (3) by not conducting a reasonable inquiry into discovery matters prior to making representations to the opposing party. Prendergast argues that in a subsequent telephonic conference on February 5, 2009, when the parties conferred in an effort to resolve discovery disputes, Defendants advised they may have misunderstood the scope of the request and determined that documents did, in fact, exist and, thereafter, produced them.

The gravamen of Prendergast's claim is not that the documents were withheld, but that Defendants said the documents did not exist before conferring with a client. The Court disagrees.

4

Misunderstandings legitimately arise concerning the scope of a party's request. In this case, at least as to these documents, the parties met and conferred in an attempt to resolve the dispute, and their meeting was successful and resulted in additional documents being produced. The Court does not find that conduct sanctionable and denies Prendergast's request.

  IT IS SO ORDERED.

                _____
                Lorenzo F. Garcia
                Chief United States Magistrate Judge