IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL PRENDERGAST,

    Plaintiff,

vs.                                                  CIV 07-1265 CG/LFG

FUNDAMENTAL LONG TERM
CARE HOLDINGS, LLC, et al.,

    Defendants.

## **ORDER**

This matter comes before the Court upon "Plaintiff's Objections to the Magistrate Judge's March 12, 2009 Order On Plaintiff's Request for Discovery on Newly Added Parties." See docket no. 147. The objections to United States Magistrate Judge Lorenzo F. Garcia's discovery order, filed March 27, 2009, are brought pursuant to Federal Rule of Civil Procedure 72(a). Id. at 1. On April 13, 2009, Defendants filed their "Response in Opposition to Plaintiff's Objections to the Magistrate Judge's March 12, 2009 Order." See docket no. 154.

A Magistrate Judge's discovery order is reviewed under the terms of 28 U.S.C. §636 and Fed. R. Civ. P. 72(a). Rule 72 mandates that a Magistrate Judge's order will neither be modified nor set aside in any way unless it is found to be clearly erroneous and contrary to law. See also Ocelot Oil Corp. v. Sparrow Industries, 847 F.2d 1458, 1461-62 (10th Cir. 1988); Comeau v. Rupp, 142 F.R.D. 683, 684 (D. Kan. 1992). This "clearly erroneous" standard allows the Magistrate Judge a free hand in managing discovery issues. Under this standard, the reviewing court must affirm the decision of a Magistrate Judge unless the reviewing court is left with a definite and firm conviction that a mistake was made, in other words, that the Magistrate's ruling is clearly "in error." Possible error is not sufficient, nor will a mere difference of opinion

suffice. Ocelot Oil Corp., 847 F.2d at 1464. Rather, because of the broad discretion afforded a Magistrate Judge in the resolution of non-dispositive discovery disputes, the Magistrate Judge will be overruled only if the court concludes that the judge's discretion was abused. Comeau, 762 F. Supp. 1434, 1450 (D. Kan. 1991).

The limited review under Rule 72 is intentional. Management of discovery and resolution of discovery disputes comes within a Magistrate Judge's scope of authority. See 28 U.S.C. § 636. Neither Congress nor the rule framers sought to encourage de novo review of discovery rulings. Thus, appellate review under the clearly erroneous standard means that the Magistrate Judge's ruling must stand, unless there is clear error or a clear abuse of discretion.

Here, Plaintiff argues that the Magistrate Judge erred in a March 12, 2009 order, wherein Judge Garcia allowed Plaintiff to depose two company representatives from Fundamental Clinical Consulting, LLC ("FCC") and Fundamental Administrative Services, LLC ("FAS"), but prohibited Plaintiff from obtaining written discovery from FCC and FAS. See docket no. 138. Plaintiff contends the Magistrate Judge's ruling is contrary to Federal Rule of Civil Procedure 34 because Rule 34 "indicates that a party shall, as a matter of right, be allowed to request documents from any other party." Docket no. 147 at 4. Plaintiff does not cite to any authority for his assertion, and claims the current situation "appears to be unprecedented." See id., n. 1.

Judge Garcia's March 12, 2009 order states, among other things, that Plaintiff's:

> [N]ew request for additional discovery comes after expiration of all discovery. Discovery was originally set to close on January 9, 2009. Thereafter, the Court extended the discovery deadline until January 16, 2009. Finally, the third request to extend discovery was made and the Court agreed to extend the discovery deadline to take certain depositions until February 2, 2009. Plaintiff's new request will increase the costs of litigation and may delay proceedings. Moreover, as Plaintiff requests that all case management deadlines be

>extended, including the dispositive motion filing deadline, this could interfere with the Court's ability to consider, analyze and decide potentially dispositive motions prior to trial. Plaintiff does not explain why he was unable to pursue discovery on "interrelated operations," "common management," "centralized control of labor relations," and "common ownership" with the other Defendants.

Docket no. 138 at 2. Judge Garcia, however, went on to find:

>Still, as new parties were added, Plaintiff should be entitled to obtain limited discovery. The Court will authorize one 30(b)(6) deposition for Fundamental Administrative Services, LLC deponent and a 30(b)(6) deposition from Fundamental Clinical Consulting. No further written discovery or oral depositions will be permitted, and the scope of the discovery will be limited to those areas which Plaintiff indicated was necessary to develop the single-employer theory – that is, interrelated operations, common management, centralized control of labor relations, and common ownership.

Id. at 2-3.

Thus, Judge Garcia's order allows Plaintiff to take one 30(b)(6) deposition for FAC and one 30(b)(6) deposition from FCC, despite limiting written discovery with respect to both of the relatively new parties. Id. The undersigned cannot find the Magistrate Judge's ruling regarding proposed discovery from FAC and FCC was "clearly erroneous and contrary to law." Rather, Judge Garcia opined that Plaintiff's new request "will increase the costs of litigation and may delay the proceedings," in addition to potentially interfering with the Court's ability to consider, analyze and decide potentially dispositive motions prior to trial. Id. at 2. The Court finds Plaintiff's unsupported argument with respect to Rule 34 to be without merit and notes that in order for it to be "clearly erroneous," Judge Garcia's decision must strike the undersigned as more than just maybe or probably wrong – it must strike the Court as wrong with the force of a five-week-old, unrefrigerated dead fish. See Parts & Electric Motors, Inc. v. Sterling Electric, Inc., 866 F.2d 228, 233 (7th Cir. 1998). To the contrary, given the fact that the discovery

3

deadline has been extended multiple times in this year-and-a-half-old case, the Court finds Judge Garcia's ruling limiting discovery with respect to FAC and FCC was well within his discretion.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that "Plaintiff's Objections to the Magistrate Judge's March 12, 2009 Order On Plaintiff's Request for Discovery on Newly Added Parties" (docket no. 147) is overruled and Magistrate Judge Garcia's March 12, 2009 Order (docket no. 138) is affirmed in all respects.

**SO ORDERED** on this 14th day of April, 2009.

_____
UNITED STATES MAGISTRATE JUDGE