IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL PRENDERGAST,

    Plaintiff,

vs.                                                                           CIV 07-1265 CG/LFG

FUNDAMENTAL LONG TERM
CARE HOLDINGS, LLC, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' "Motion for Reconsideration of Memorandum Opinion and Order on Defendants' Motion for Summary Judgment Re: Single Employer Status," filed August 27, 2009 (docket no. 210), Plaintiff's Response, filed September 8, 2009 (docket no. 264), and Defendants' Reply, filed September 10, 2009 (docket no. 270). Also before the Court is "Plaintiff's Motion to Strike Affidavits Submitted in Support of Defendants' Motion to Strike Affidavits Submitted in Support of Defendants' Motion for Reconsideration of Memorandum Opinion and Order on Defendants' Motion for Summary Judgment Re: Single Employer Status and for Sanctions," filed September 8, 2009 (docket no. 265) and Defendant's Response, filed September 10, 2009 (docket no. 277).

**Procedural Background**

On February 20, 2009, Plaintiff filed his "First Amended Complaint for Damages for Violation of Fair Labor Standards Act and Retaliatory Discharge," which names Fundamental Long Term Care Holdings, LLC, THI of Baltimore, Inc., THI of New Mexico, LLC, THI of New Mexico at Valle Norte, LLC, Fundamental Administrative Services, LLC, and Fundamental Clinical Consulting, LLC, as Defendants. See docket no. 132. Plaintiff's First Amended

Complaint states "Defendants have . . . interrelated operations, common management, common ownership, centralized control of human resources and constitute a single employer." Id. at 3. Plaintiff further alleges that "as a single employer Defendants . . . are 'employers' within the meaning of the FLSA." Id.

On May 8, 2009, all of the named Defendants except for THI of New Mexico at Valle Norte, LLC ("Valle Norte") filed a "Motion for Summary Judgment Re: Single Employer Status." See docket no. 166. In the motion, with respect to the proper standard, Defendants argued:

> The Tenth Circuit considers four factors when determining whether two related entities constitute a single employer: (1) interrelations of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership and financial control. For purposes of finding shared liability, the Tenth Circuit generally considers the third factor - centralized control of labor relations - to be the most important . . . Not all factors need be present, and the focus of the inquiry is whether there is an absence of an arm's length relationship among the companies.

Id. at 10-11 (citing Sandoval v. City of Boulder, 388 F.3d 1312, 1322 (10th Cir. 2004); Bristol v. Bd. of County Comm'rs of the County of Clear Creek, 312 F.3d 1213, 1220 (10th Cir. 2002); and Knowlton v. Teltrust Phones, Inc., 189 F.3d 1177, 1184 (10th Cir. 1999)). Defendants further alleged that "[n]othing in the present case warrants a conclusion that Valle Norte is a single employer with any of the other Defendants that Plaintiff has named in this matter." Id. at 11.

On August 13, 2009, the Court issued a Memorandum Opinion and Order denying Defendants' Motion for Summary Judgment Re: Single Employer Status. See docket no. 203. In reaching its decision, the Court cited to the same Tenth Circuit standard cited to by Defendants. See id. at 8-9. Ultimately, the Court found "[b]ecause . . . there is a genuine issue of material fact as to whether there is an absence of an arm's length relationship amongst the

named Defendants, the undersigned will not address all of the other strong evidence presented by Plaintiff suggesting Valle Norte, FLTCH, THI Baltimore, THI New Mexico, FAS, and FCC operate as an integrated enterprise." Id. at 17 (citing Knowlton, 189 F.3d at 1184).

On August 27, 2009, Defendants filed their Motion for Reconsideration. See docket no. 210. Defendants allege that on August 14, 2009, "just one day after this Court entered its Order denying Defendants' Motion," the New Mexico Court of Appeals reversed a state trial court ruling in Keith v. Manor Care, Inc., et al., NM Ct. App. No. 28,008, that a parent corporation was the employer of a subsidiary's employees and therefore directly liable for the employees' conduct. Id. at 2. After acknowledging the absence of an arm's length analysis has been "historically utilized by the Tenth Circuit Court of Appeals in resolving disputes over employer-employee relationships in deciding federal questions," Defendants argue the New Mexico Court of Appeals in Keith "clarified that the proper test to be applied when addressing the issue under New Mexico law is the control test." Id. Despite indicating that "with the exception of the claim for pay under the Fair Labor Standards Act, the remaining questions in this case are governed by New Mexico common law," Defendants claim the Keith decision now makes it "clear that the control test rather than the single-employer test should apply to this Court's disposition of Defendants' Motion," without addressing how a state court of appeals decision would effect Tenth Circuit precedence on an FLSA claim filed in federal district court. Id. at 2, 11. Nevertheless, Defendants assert "it is clear that the wrong substantive law was applied" and "pray that this Court will grant Defendants' Motion for Summary Judgment regarding the Single Employer status of Defendants and vacate its previous Order denying same." Id. at 4, 12.

On September 2, 2009, an expedited briefing schedule on Defendants' Motion for

Reconsideration was set by the Court.  See docket no. 226.  On September 8, 2009, Plaintiff filed his Response to Defendants' Motion for Reconsideration.  See docket no. 264.  Also on September 8, 2009, Plaintiff filed his Motion to Strike Affidavits Submitted in Support of Defendants' Motion to Strike Affidavits Submitted in Support of Defendants' Motion for Reconsideration of Memorandum Opinion and Order on Defendants' Motion for Summary Judgment Re: Single Employer Status and for Sanctions.  See docket no. 265.  On September 10, 2009, Defendants filed their Reply to Plaintiff's Response.  See docket no. 270.  Also on September 10, 2009, Defendants filed their Response to Plaintiff's Motion to Strike.  See docket no. 277.

**Analysis**

**1.       Motion for Reconsideration**

A motion to reconsider "should be granted only to correct manifest errors of law or to present newly discovered evidence." Adams v. Reliance Standard life Ins. Co., 225 F.3d 1179, 1186 n.5 (10th Cir. 2000) (quoting Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997)). There are only two counts in Plaintiff's First Amended Complaint: a federal claim (Federal Labor Standards Act) and a state claim (retaliatory discharge).  See docket no. 132 at 11-12. With respect to Plaintiff's FLSA claim, despite Defendants' assertion that the undersigned should vacate its previous Order in its entirety, the Court finds the Keith decision is inapplicable because it is a state court decision and the FLSA is a federal law.

As for Plaintiff's retaliatory discharge claim, the Court also finds the Keith decision to be inapplicable.  The Keith case involved a direct appeal of a jury verdict in which a corporate defendant claimed it could not be held vicariously liable for the acts of a subsidiary's employees. See Keith, NM Ct. App. No. 28,008 at 3.  In Keith, the plaintiff brought suit against several

named defendants under the general principles of negligence for the wrongful death of Ms. Barber, a resident of the ManorCare Camino Vista ("Camino Vista") nursing home facility in Albuquerque.  See id. at 2.  The plaintiff named as a defendant ManorCare, Inc. ("ManorCare"), the parent corporation of Camino Vista, and asserted against it both (1) direct liability for its negligent actions and omissions resulting in Ms. Barber's death; and (2) vicarious liability for the negligent acts and omissions of the Camino Vista employees resulting in Ms. Barber's death. See id. at 10.  In its answer, ManorCare denied that it owned, operated, or managed the Camino Vista nursing home and denied vicarious liability on the ground that it was not the employer of the Camino Vista staff.  See id.  Through a series of errors, however, the trial court determined that ManorCare was estopped from denying vicarious liability.  See id.  Thus, after a $53.2 million jury verdict was entered against ManorCare, the parent corporation appealed to the New Mexico Court of Appeals.  See id. at 1.  ManorCare argued the Court "took away from the jury an essential element that was Plaintiff's burden to prove – the question of whether [the parent corporation] could be held liable for the alleged negligence of the [subsidiary's] staff – and that the result was an extraordinary damages award against a parent holding company for conduct of persons who were . . . employees of an independent, lawfully formed corporate subsidiary." Id. at 18-19.

      The Court of Appeals agreed with ManorCare and overturned the jury verdict, but tellingly for this Court's analysis, in describing the "control test," the Keith court states "[a] number of factors inform the determination of whether an employer has the right to control an individual *for the purpose of establishing vicarious liability*." Id. at 16 (emphasis added).  In short, the Keith opinion does not apply new law, even for state law claims.  The undersigned finds Defendants have confused the "control test," used in Keith and New Mexico state courts to

determine whether a corporate entity can be held vicariously liable for the actions of the employees of one of its subsidiaries with a "single entity" inquiry, used in the Tenth Circuit to attempt to determine whether nominally separate entities constitute an integrated enterprise or single employer.  Plaintiff's Amended Complaint clearly alleges that, "as a single employer, Defendants . . . are 'employers' within the meaning of the FLSA."  Docket no. 132 at 3.  Importantly, Mr. Prendergast has not alleged that a parent corporation should be held liable for the actions of Valle Norte staff; rather, he has alleged that all of the named Defendants have acted as a "single entity."  See id.  Thus, the Court finds the New Mexico Court of Appeals decision in Keith is not applicable to Plaintiff's claims in this case.

**2.     Motion to Strike and for Sanctions**

Plaintiff's Motion to Strike seeks to strike affidavits attached to Defendants' Motion for Reconsideration.  See docket no. 265.  Specifically, Plaintiff moves to strike the six affidavits of Christine Zack, the affidavit of Jaime Andujo, the affidavit of William Chaltry, the affidavit of Susan Eccles, and the affidavit of Kenneth Tabler.  See id. at 1-14.  Additionally, Plaintiff argues the Court should sanction Defendants and their legal counsel "for vexatiously multiplying the proceedings by filing their baseless Motion for Reconsideration supported by inadmissible and sham affidavits."  Id. at 14-16.

The Court finds Plaintiff's Motion to Strike should be granted.  With respect to the affidavits of Christine Zack, Jaime Andujo, and Kenneth Tabler, the Court finds they should be stricken because they do not reflect newly discovered evidence that could not have been presented in connection with Defendants' Motion for Summary Judgment.  In addressing the affidavits of William Chaltry and Susan Eccles, the Court finds they too should be stricken because these witnesses were never disclosed.  Defendants note they "will not call these

witnesses at trial and do not object should the court determine that such affidavits should be disregarded since they will not testify." Docket no. 277 at 3. Especially given the Court's findings above on Defendants' Motion for Reconsideration, the Court finds the affidavits should be "disregarded."

As for Plaintiff's Motion for Sanctions, however, the Court finds Plaintiff's request should be denied. The Court finds Defendants honestly believed that the Keith case alters legal standards in this case, and that Defendants' filing of the Motion for Reconsideration was not unreasonable or vexatious behavior. Because the filing of the Motion for Reconsideration was not an act of bad faith, the Court finds Plaintiff's Motion for Sanctions must be denied.

## Conclusion

The Court has already carefully considered Defendants' Motion for Summary Judgment Re: Single Employer Status, and finds no legal or factual basis to reconsider its decision on the matter. See Frederick v. Southeastern Penn. Transp. Auth., 926 F.Supp. 63, 64 (E.D. Pa. 1996) (motion to reconsider is not appropriate to reargue an issue already decided by the court). As such, Defendants' Motion for Reconsideration (docket no. 210) is hereby **DENIED**. Additionally, "Plaintiff's Motion to Strike Affidavits Submitted in Support of Defendants' Motion to Strike Affidavits Submitted in Support of Defendants' Motion for Reconsideration of Memorandum Opinion and Order on Defendants' Motion for Summary Judgment Re: Single Employer Status and for Sanctions" (docket no. 265) is **GRANTED in part and DENIED in part.** Plaintiff's Motion to Strike is **GRANTED**. Plaintiff's Motion for Sanctions is **DENIED**.

**SO ORDERED** this 11th day of September, 2009.

_____
UNITED STATES MAGISTRATE JUDGE