**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MICHAEL PRENDERGAST,

    Plaintiff,

vs.                                                                     CIV 07-1265 CG/LFG

FUNDAMENTAL LONG TERM
CARE HOLDINGS, LLC, et al.,

    Defendants.

**ORDER DENYING MOTION TO AMEND CLERK'S ORDER SETTLING COSTS**

THIS MATTER is before the Court on Plaintiff's Motion to Review and Amend the Clerk's Order Settling Costs Pursuant to F̲ED̲. R. C̲IV̲. P. 54(d)(1) ("Motion to Amend") (Doc. 336). The Court has considered the Motion to Amend, Defendants' Response to the Motion to Amend (Doc. 338), as well as the underlying Motion to Tax Costs[1] (Doc. 308), Defendants' Response to the Motion to Tax Costs (Doc. 324), Plaintiff's Reply in Support of the Motion to Tax Costs (Doc. 328), the Clerk's Order Settling Costs (Doc. 335), and the relevant law. Because the costs at issue are not allowable under the relevant statute, the Court will affirm the Clerk's Order Settling Costs (Doc. 335) and deny Plaintiff's Motion to Amend the Clerk's Order (Doc. 336).

The Clerk's Order Settling Costs is largely uncontested. The Plaintiff requests that the Court reverse the Order's disallowance of costs for legal database research and for jury consultant fees. Mot. to Am., Doc. 336 at 1. Defendants request that the Order be

---

[1] The underlying Motion to Tax Costs (Doc. 308) was submitted pursuant to F̲ED̲. R. C̲IV̲. P. 54(d)(1) and D.N.M.L.R.-Civ. 54.1, which provide for taxation of costs, 28 U.S.C. § 1821, which allows for witness per diem, mileage, and subsistence costs, and 28 U.S.C. § 1920, which describes those costs that are taxable.

affirmed, asserting that the disallowance of costs for legal database research and for jury consultant fees is proper.  Resp. to Mot. to Am., Doc. 338 at 1–4.

Under RULE 54(d)(1), "the award of costs [is] presumptive," *Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir.2000), so a court "must provide a valid reason for not awarding costs to a prevailing party" *Utah Animal Rights Coal. v. Salt Lake County*, 566 F.3d 1236, 1245 (10th Cir. 2009) (quoting *Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 459 (10th Cir. 1995)).  An award of costs under RULE 54(d)(1) "rests in the sound discretion of the trial court."  *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1178–79 (10th Cir. 2005) (quoting *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002)).  Such discretion, however, is limited to awarding only those costs specified in 28 U.S.C. § 1920.  *Id.* at 1179.

In *Sorbo*, the Tenth Circuit reversed an award of costs for *inter alia* "computer assisted legal research" because such cost was outside the scope of § 1920.  432 F.3d at 1180.  The court looked to Supreme Court and Tenth Circuit precedent to outline the relationship between RULE 54(d) and § 1920.  "[Section] 1920 defines the [boundaries of] 'costs' as used in Rule 54(d)." *Sorbo*, 432 F.3d at 1179.  Section 1920 costs are the outer limits, within which a court is free to exercise its discretion to award costs, but beyond which, it "has no discretion."  *Id.*  The Tenth Circuit held that computer assisted legal research is "not within the scope of  § 1920" and that the district court was without discretion to award costs for it.  *Id.* at 1179–80.  The court, therefore, reversed the award.  *Id.* at 1180.

Plaintiff cites to *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1258 (10th Cir. 1998) to show that costs for "legal database research"[2] are recoverable under RULE 54(d). Mot. to Am., Doc. 336 at 2. Indeed, the court in *Case* affirmed an award for legal database research, *Case*, 157 F.3d at 1258, but it is not applicable here because the award was affirmed under 28 U.S.C. § 1988, rather than § 1920. Section 1988 allows a prevailing party in certain kinds of cases to recover attorney's fees and expenses. The court in *Case* affirmed an award for "Westlaw *expenses*" under § 1988, not *costs* under § 1920. *Id.* (emphasis added). Because § 1988 does not apply to the motion at bar, the *Case* holding does not apply either.

Here, Plaintiff requests that the Court amend the Clerk's Order disallowing costs for legal database research. Such a cost is not within the scope of § 1920, and the Court therefore, does not have the discretion to award it. Similarly, the Plaintiff requests that the Court amend the Clerk's Order disallowing costs for jury consultant fees. Such fees, however, are not within the scope of § 1920, and the Court therefore, will not award them.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Review and Amend the Clerk's Order Settling Costs (Doc. 336) be **DENIED**, and the Clerk's Order Settling Costs (Doc. 335) be **AFFIRMED**.

**IT IS SO ORDERED.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent

---

[2] The Court sees no distinction between "legal database research," Mot. to Am., Doc. 336 at 1, and "computer assisted legal research," *Sorbo*, 432 F.3d at 1179.